**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| Richard Lucarelli & | : | Case No.: 13-30350 |
| Stephanie D. Lucarelli | : | |
| Debtors | : | Refer to Doc. #158 |
| | : | |
| | : | April 30, 2014 |

**SWEET DELIGHTS, LLC'S OBJECTION TO**
**SECOND AMENDED JOINT PLAN OF REORGANIZATION OF RICHARD AND**
**STEPHANIE LUCARELLI AND LUCARELLI'S EXECUTIVE ANSWERING SERVICE,**
**LLC DATED MARCH 5, 2014**

Unsecured creditor, Sweet Delights, LLC ("SD") hereby objects to the approval of the Second Amended Joint Plan of Reorganization of Richard and Stephanie Lucarelli (the "Debtors") and Lucarelli's Answering Service, LLC (the "Corporate Debtor") Dated March 5, 2014 (the "Plan") (Doc. #157) for the following reasons:

1.      The Debtors value the Corporate Debtor at $153,700 (*see* Disclosure Statement, Doc. ID 146 at p. 8 of 27) and are contributing not "less than $128,000" for the benefit of the Corporate Debtor.  The Debtors fail to account for the equity difference between the value of the Corporate Debtor and the contribution in an amount of $25,700.  Moreover, upon Debtors' payment to creditors of the Corporate Debtor, there will be an asset valued at $153,700 by Debtors' own numbers.  The value of this asset, which really belongs to the Debtors, is not accounted for and should be contributed to the Debtors' estate and payable through the Plan.  This violates section 1129(a)(15) and the absolute priority rule, rendering the Plan not confirmable.

2.      Debtors reduced their income from $104,000 each to $91,000 as set forth in the Disclosure Statement.  *See* Doc. ID 146 at p. 5 of 27.  The reduction in pay reduced the Debtors' collective income by $26,000 annually.  These amounts would have otherwise been available to creditors.  While the Debtors provide a chapter 7 means test to support their claim of compliance

with 1129(a)(15), the numbers are substantially skewed in favor of the Debtors by the reduction in pay and Debtors fail to show that the value to be distributed under the plan is not less than projected disposable income.  Consequently, neither section 1129(a)(15)(B) nor section 1129(a)(7)(ii) are satisfied.

3. Lastly, the Plan is not confirmable because of bad faith.  The Debtors' actions both pre-bankruptcy and post demonstrates an intent to retain the Corporate Debtor and its value of $153,000 at the expense of the Debtors' creditors.  The reduction in Debtors' pay and failure to account for the equity in the Corporate Debtor further demonstrate that the Debtors have additional assets that they are seeking to shield from creditors.

WHEREAS, Sweet Delights, LLC respectfully requests that the Court find that the Plan is not confirmable based on all or part of the foregoing, and to grant such other and further relief as is just and appropriate

Dated: April 30, 2014

                    Creditor, Sweet Delights, LLC

By:_____/s/_____
   Michael A. Carbone  (ct24425)
   ZELDES, NEEDLE & COOPER, P.C.
   1000 Lafayette Blvd., 5th Floor
   Bridgeport, CT  06604
   Telephone: (203) 333-9441
   Facsimile:  (203) 333-1489
   Email:  mcarbone@znclaw.com